DECISION OF DISMISSAL
This matter is before the court on Defendant's motion to dismiss, filed on May 28, 2010, questioning whether the court has jurisdiction to hear Plaintiff's appeal.
A telephone case management conference was held July 28, 2010. Plaintiff appeared on her own behalf. Matt Healy (Healy), Senior Appraiser, appeared on behalf of Defendant. During the conference, Healy stated that Plaintiff is appealing the 2009-10 real market value of her property and Plaintiff did not file a petition with the Board of Property Tax Appeals (BOPTA). Healy stated that because Plaintiff did not file a BOPTA petition Plaintiff must meet the statutory requirements of ORS 305.288 in order for the court to have jurisdiction. The parties discussed ORS 305.288. Plaintiff stated that she would file her response to Defendant's motion to dismiss no later than August 18, 2010.
On August 10, 2010, Plaintiff filed her response. She wrote:
 "While I do have reasons why the appeal to BOPTA was omitted (and there are several) my main appeal is that the sharp rise in taxation from 2007 to 2008 and consequently 2009 was severe: from $28 to $1849.52.
 * * * * *
 "I do not wish to waste the court's time and simply cannot afford the outlay of any more cash in the process."
(Ptf's Resp.) *Page 2 
In her response, Plaintiff did not detail her "reasons" for not appealing to BOPTA. The court cannot determine whether she meets the statutory requirements of ORS 305.288. Further, Plaintiff wrote that she "does not wish to waste the court's time." Given Plaintiff's response, the court grants Defendant's motion to dismiss. Now, therefore,
IT IS THE DECISION OF THIS COURT that this matter be dismissed.
Dated this ___ day of August 2010.
If you want to appeal this Decision, file a Complaint in theRegular Division of the Oregon Tax Court, by mailing to:1163 State Street, Salem, OR 97301-2563; or by hand delivery to:Fourth Floor, 1241 State Street, Salem, OR.
 Your Complaint must be submitted within 60 days after the date ofthe Decision or this Decision becomes final and cannot be changed.
 This Decision was signed by Presiding Magistrate Jill A. Tanneron August 19, 2010. The court filed and entered this Decisionon August 19, 2010.